UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 09-371 |
| ABDEL RAHIM MUHAMMAD | SECTION "C" (3) |

### ORDER AND REASONS

Before the Court is Defendant, Debra Muhammad's Motion to Sever. (Rec. Doc. 71). The present motion is not opposed by Defendant Abdel Muhammad, (Rec. Doc. 75), but is opposed by the Government, (Rec. Doc. 74). For the reasons set forth below, the motion is DENIED.

### I. BACKGROUND

On January 7, 2011, Debra Muhammad and her husband, Abdel Muhammad, were charged with conspiracy to commit bank robbery, bank robbery, and conspiracy to commit money laundering; in addition Abdel Muhammad was charged with violating the Federal Gun Control Act. (Rec. Doc. 48). A joint trial of both Defendants is currently scheduled for April 25, 2011. At that trial the Government anticipates introducing private jail-cell conversations between Abdel Muhammad and Clinton Rodriguez, during which Abdel Muhammad allegedly confessed to robbing a Whitney Bank with the assistance of his wife, all as described in the Superseding Indictment. (Rec. Doc. 74 at 4).

In light of this proposed evidence, Debra Muhammad requests a severance of her trial from that of her husband. (Rec. Doc. 71). Specifically, Debra Muhammad argues that the introduction

1

of the proposed hearsay testimony would violate her Sixth Amendment rights as articulated in *Bruton v. United States*, 391 U.S. 123 (1968). (Rec. Doc. 71-1 at 3). She also argues that she would be prejudiced by a joint trial as it would permit the admission of hearsay testimony that would be inadmissable against her at a severed trial. *Id.* at 4.

## II. LAW AND ANALYSIS

A. *Debra Muhammad's Sixth Amendment Rights Will Not Be Violated by a Joint Trial*.

The Confrontation Clause of the Sixth Amendment guarantees the right of a criminal defendant "to be confronted with the witnesses against him," which includes the right to cross-examine witnesses. *Richardson v. Marsh*, 481 U.S. 200, 206 (1987) (internal citations omitted). "Therefore, where two defendants are tried jointly, the pretrial confession of one cannot be admitted against the other unless the confessing defendant takes the stand." *Id.* In *Bruton v. United States*, 391 U.S. 123 (1968), the Supreme Court held that, in the context of a joint trial, the Confrontation Clause prohibits the admission of a non-testifying defendant's confession that incriminates a co-defendant. 391 U.S. at 126. The Supreme Court further held that limiting instructions to the jury could not remedy the substantial risk that the jury would consider the incriminating hearsay statements in determining the guilt of the co-defendant implicated in another defendant's confession. *Id.* at 137.

Debra Muhammad argues that pursuant to *Bruton* she is entitled to a separate trial because Abdel Muhammad's alleged confession inculpates her, and she would be unable to cross-examine her husband at trial because he will not take the stand at a joint trial. (Rec. Doc. 71-1 at 3). The Government responds by arguing that two recent Supreme Court cases have limited the application of the Confrontation Clause to "testimonial" statements, which do not cover jail-cell conversations

between prisoners.  (Rec. Doc.  74 at 5-6).  As a result, the Government argues that in light of these recent opinions, Debra Muhammad has no valid *Bruton* claim, as her husband's confession to a cell mate was not "testimonial" for purposes of the Sixth Amendment.  *Id.* at 6.

The first case the Government refers to is *Crawford v. Washington*, 541 U.S. 36 (2004). (Rec. Doc. 74 at 4).  In *Crawford* the Supreme Court examined the history surrounding the adoption of the Sixth Amendment.  541 U.S. at 43-51.  In light of that history, the Supreme Court held that the word "witnesses" in the Sixth Amendment applies to "those who 'bear testimony.'"  *Id.* at 51 (quoting 2 N. Webster, An American Dictionary of the English Language (1828)).  The Supreme Court defined "testimony" as "'[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact.'"  *Id.* (quoting 2 N. Webster).  While the Court did not provide a precise account of which statements would be considered testimonial, and therefore covered by the Confrontation Clause, it did state that "[a]n accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not."  *Id.*  Finally, in *Crawford* the Supreme Court held that the Confrontation Clause of the Sixth Amendment imposed "an absolute bar to statements that are testimonial, absent a prior opportunity to cross-examine." *Id.* at 61.

In *Davis v. Washington*, 547 U.S. 813 (2006), the Supreme Court extended its reasoning in *Crawford* and held that the Confrontation Clause *only* applies to testimonial statements. 547 U.S. at 821.  Therefore, non-testimonial hearsay is not subject to the Confrontation Clause, but rather is subject to "traditional limitations on hearsay evidence." *Id.*

In light of *Crawford* and *Davis* the Government argues that *Bruton* no longer applies to non-testimonial hearsay, such as Abdel Muhammad's jail-cell confession to a fellow prisoner.  (Rec. Doc. 74 at 4-6).  The Government cites *Ramirez v. Dretke*, 398 F.3d 691, 695 n.3 (2005), for the

3

proposition that Abdel Muhammad's spontaneous confession is non-testimonial. *Id.* at 8. However, neither party in *Ramirez* contested whether the statements at issue in that case were testimonial. 398 F. 3d at 695 n.3. Moreover, as the Fifth Circuit noted in *Ramirez* "the full reach of *Crawford*'s holding remains unclear." *Id.* While the Government argues this Court should follow other courts in finding that *Crawford* has limited *Bruton* to non-testimonial hearsay, the Fifth Circuit has yet to reach such a conclusion. (Rec. Doc. 74 at 5-6). Finally, in *Crawford* the Supreme Court cited *Bruton* approvingly and made no attempt to limit *Bruton* in the way that the Government proposes. 541 U.S. at 57. Therefore, in the absence of clear instructions from the Supreme Court or the Fifth Circuit, this Court finds that *Bruton* has not been limited by *Crawford*.

However, the Supreme Court has long held that "the Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when, as here, the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." *Richardson v. Marsh*, 481 U.S. 200, 211 (1987). Because the Government has proposed that it will redact any reference to Debra Muhammad from Abdel Muhammad's confession, (Rec. Doc. 74 at 14), then this Court finds that no severance of the joint trial is required on *Bruton* grounds at this time.

### B. Debra Muhammad Does Not Meet the Standard for Severance under Rule 14(a).

Debra Muhammad also argues that, pursuant to Rule 14(a) of the Federal Rule of Criminal Procedure, she is entitled to a separate trial because she would be prejudiced by a joint trial as it would permit the admission of evidence that would not otherwise be admissible at a severed trial. (Rec. Doc. 71-1 at 4).

Rule 8(b) of the Federal Rules of Criminal Procedure states that an "indictment or

4

information may charge two or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." F. R. Crim. P. 8(b). There is a preference in federal courts for joint trials of defendants who are indicted together. *Richardson v. Marsh*, 481 U.S. 200, 209 (1987). Since Defendants do not argue that they have been improperly joined under Rule 8(b), this Court will only grant a severance under Rule 14 "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

Debra Muhammad argues that according to *Zafiro*, evidence that is probative of a defendant's guilt but technically admissible only against a co-defendant could present a risk of prejudice that justifies the severance of a joint trial. (Rec. Doc. 71-1 at 5); *Zafiro v. United States*, 506 U.S. 534, 539 (1993) (citing *Bruton v. United States*, 391 U.S. 123(1968). However, as this Court mentioned, the Government will redact all references to Debra Muhammad from Abdel Muhammad's confession. Therefore, Debra Muhammad will not be prejudiced by Abdel Muhammad's confession as it will not implicate her. Moreover, counsel may request limiting instructions consistent with *Richardson v. Marsh*, 481 U.S. 200, 211 (1987).

Finally, Debra Muhammad argues that pursuant to *Byrd v. Wainwright*, 428 F.2d 1017 (5th Cir. 1970), she has a specific trial right to the exculpatory testimony of her husband, which she would be denied in a joint trial. (Rec. Doc. 71-1 at 5). However, since she filed her motion, Abdel Muhammad has indicated that he will refuse to testify at both his trial and his wife's trial, whether or not they are severed. (Rec. Doc. 80-2 at 2 n.1). Because her husband will not provide Debra Muhammad with any exculpatory testimony even in a severed trial, this Court finds that she has not met the required showing for a severance.

### III.  CONCLUSION

Accordingly,

IT IS ORDERED that Defendant Debra Muhammad's Motion to Sever is DENIED.  (Rec. Doc. 71).

New Orleans, Louisiana, this 13th day of April, 2010.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**